## Commonwealth v. Rodriguez

*James M. Schall, assistant district attorney,* for the Commonwealth.

*Travis L. Kendall,* for defendant.

KELLER, *P.J.,* July 15, 1992—On or about November 25, 1991, a criminal complaint was filed with the Pennsylvania State Police charging the defendant with violation of section 6115 of the Pennsylvania Crimes Code, i.e. loans or lending or giving firearms prohibited. Preliminary hearing was held January 22, 1992, and the matter was bound over for court. He was arraigned March 3, 1992, and entered a not guilty plea. Trial was scheduled for April 27, 1992. On April 2, 1992, counsel for the defendant filed an omnibus pre-trial motion to quash the information and for habeas corpus relief, or in the alternative, to dismiss the criminal action on the grounds of the unconstitutionality of section 6115 of the Uniform Firearms Act. On April 8, 1992, the Hon. John R. Walker ordered a rule be issued upon the Commonwealth to show cause why the relief requested should not be granted and the rule was made returnable April 21, 1992, at 9:30 a.m. On April 21, 1992, counsel for the Commonwealth and the defendant presented their stipulation as to the facts of the case, and requested the trial be continued to the July 27, 1992, term of court to permit counsel

time to provide briefs on the defendant's omnibus pre-trial motion. An order was entered the same date granting the continuance and directing the parties to file and serve their briefs on or before May 15, 1992. The briefs of counsel were filed and served in a timely manner and the matter is now ripe for disposition.

The facts of the case as stipulated by counsel are:

(1) Defendant, Joseph William Rodriguez, is the lawful owner of a certain firearm, to wit: an Interarms, Model R-9, 9 mm semi-automatic pistol bearing serial number OR6070.

(2) That on or about April 9, 1991, the defendant, Joseph William Rodriguez, did lend the aforementioned firearm to Harold Carl Hess.

(3) The firearm was lent to Harold Carl Hess at the residence of the defendant in the Borough of McConnellsburg, Fulton County, Pennsylvania, for the purpose of transporting it elsewhere.

(4) At the time the firearm was lent to Harold Carl Hess it was not loaded nor was ammunition provided by the defendant to Hess along with the handgun.

(5) At the time that the aforementioned firearm was lent, Harold Carl Hess, was over the age of 18 years, had never been convicted of a crime of violence, was not a drug addict, an habitual drunkard, or of unsound mind, and had no license to carry a firearm.

Section 6115 of the Pennsylvania Crimes Code, 18 Pa.C.S. §6115 provides:

"No person shall make any loan secured by mortgage, deposit, or pledge of a firearm; nor shall any person lend or give a firearm to another or otherwise deliver a firearm contrary to the provisions of this subchapter."

A thorough review of the Pennsylvania Uniform Firearms Act discloses only section 6110, 18 Pa.C.S. §6110,

establishes categories of persons to whom delivery shall not be made. The section provides:

"No person shall deliver a firearm to any person under the age of 18 years, or to one he has reasonable cause to believe has been convicted of a crime of violence, or is a drug addict, an habitual drunkard, or of unsound mind."

Counsel for the Commonwealth and the defendant have been unable to locate any case law on the construction of section 6115, and our independent research has been equally unproductive. We believe this may well be a case of first impression because the language of the section is so clear and unambiguous that it does not require anything more than a common sense reading of it.

The first clause prohibits the use of a firearm as defined by the act as security for any loan. The second clause prohibits the loaning or giving or otherwise delivering of a firearm to another person in violation of the provisions of the Pennsylvania Uniform Firearms Act. As above noted section 6110 is the only provision in the act identifying those persons to whom delivery shall not be made.

From the facts stipulated to by the Commonwealth and the defendant, this court must conclude that the Commonwealth failed to present a prima facie case that the defendant delivered a firearm to a person under the age of 18 years or had reasonable cause to believe the person to whom he delivered the firearm had been convicted of a crime of violence or was a drug addict, an habitual drunkard or of unsound mind. Therefore, the motion of the defendant to quash the information must be granted.

We note the Commonwealth urges defendant's motion be denied because the evidence does establish that the defendant delivered the 9 mm firearm to Harold Carl Hess, who did not at that time have a license to carry a firearm. Since the Pennsylvania Uniform Firearms Act

does not impose a duty upon one who delivers a firearm to first determine that the recipient has a license, the contention cannot prevail. Indeed, section 6106 of the Act clearly discloses that there are circumstances when a license is not required to be possessed by one who carries a firearm.

## ORDER OF COURT

Now, July 15, 1992, the information in Criminal Action No. 10 of 1992 is quashed.

Costs to be paid by the Commonwealth.

Exceptions are granted the Commonwealth.